# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| ASSOCIATION OF PROFESSIONAL BALL PLAYERS OF AMERICA<br>*Plaintiff,*<br><br>v.<br><br>JENNIFER S. MADISON AND NATE MILLER AND DOES 1 – 25<br>*Defendants.* | CIVIL ACTION NO. 4:23-cv-1037<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR TRADEMARK INFRINGEMENT**

Plaintiff Association of Professional Ball Payers of America ("APBPA" or "Plaintiff") asserts claims against Defendants Jennifer S. Madison and Nate Miller. ("Defendants") for trademark infringement under federal and state law, violation of the Texas Anti-Dilution statute, false designation of origin, injury to business reputation and/or trademarks, common law unfair competition, and seeks a permanent injunction, damages, and attorney's fees and costs, and such other relief as the Court deems just and proper.

PARTIES

1. Plaintiff Association of Professional Ball Players of America is a non-profit organized under the laws of the State of Arizona.

2. Defendant, Nate Miller is an individual and resident of the State of Texas with an address of 930 Benge Drive, Apt. 124, Arlington, Texas 76013

3. Defendant Jennifer S. Madison is an individual and resident of the State of Arizona with an address of 33101 S. Canyon Rd., Black Canyon City, AZ 85324, who conducts significant business in the Northern District of Texas with Defendant Nate Miller.

JURJSDICTION AND VENUE

4. The Court has original subject matter jurisdiction over federal Lanham Act claims pursuant to 15 U.S.C. §1125, and 28 U.S.C. §§1331 and 1338. The Court has supplemental jurisdiction over the Texas State law claims pursuant to 28 U.S.C. § 1367(a) because those claims are so closely related to the federal claims brought herein as to form part of the same case or controversy.

5. The Court has personal jurisdiction over Defendants because, on information and belief, Defendants have deliberately directed activities to Texas through their personally controlled pages on social media (e.g. Facebook) where the Defendants have repeatedly used the APBPA's

-1-

trademarks to make residents of Texas falsely believe that Defendants are the legal executives of the APBPA and to use their fraudulent representations using Plaintiff APBPA's trademarks to solicit monetary contributions through a fake APBPA page that uses the APBPA's trademarks, and hence, results in Defendants' infringement of Plaintiff APBPA's trademarks (*See,* for example: https://www.gofundme.com/f/help-the-apbpa) and through defamatory postings on social media where Defendants provide false information to confuse the public and to enrich themselves at the expense of Plaintiff APBPA. (*See,* for example: https://www.facebook.com/search/top?q=apbpa, https://www.facebook.com/natemiller1986, and https://www.facebook.com/search/top?q=jennifer%20s%20madison; collectively, "Defendants' Websites").  Through their fundraising and social media postings on the internet, Defendants use the Association of Professional Ball Players of America trademarks to conduct transactions with persons residing in Texas.  Through fundraising and social media postings on the internet, and in connection with the Association of Professional Ball Players of America mark, Defendants (i) purposefully mislead residents of Texas to believe that Defendants control and are legally in control of the Association of Professional Ball Players of America; and (ii) solicit money from residents of the State of Texas and process payments to themselves based on the use illegal use of Plaintiff's trademarks.

6. Upon information and belief, venue is proper in this district pursuant to 28 U.S.C. §§ 139l(b) & (c). Each Defendant is subject to personal jurisdiction in the State of Texas at the time this action commenced.  Its contacts are substantial enough with the State of Texas to subject it to personal jurisdiction.  Further, each Defendant committed acts within the district that give rise to this action.

FACTS COMMON TO ALL CLAIMS

7. Plaintiff has used the Association of Professional Ball Players of America trademarks (the "US LEGAL trademark") since October 9, 1924.

8. Plaintiff is the lawful owner of US Registration Number 7,173,426, (the "'426 trademark") registered September 26, 2023, for the Association of Professional Ball Players of America mark for:

> Promoting the interests of active and retired professional baseball players by means of an association, in Class 35. (Attached as Exhibit A).

9. Plaintiff is also the lawful owner of US Registration Number 7,150,795, (the "'795 trademark") registered August 29, 2023, for the Association of Professional Ball Players of America mark for:

> Promoting the interests of active and retired professional baseball players by means of an association, in Class 35. (Attached as Exhibit B).

10. The Association of Professional Ball Players of America, dba APBPA, was formed in 1924 to help and assist professional baseball players who have fallen on hard financial times and need financial and other assistance. The APBPA has been using its trademark for almost one hundred years. The APBPA operates nationally, with members all over the United States and multiple chapters located around the country supporting its members in every state. One of those chapters is located in the Northern District of Texas. The APBPA is currently working to raise funds through national efforts, including in the State of Texas, and the Northern District of Texas to support the APBPA, its members and those former professional baseball players who have a financial need.

11. Plaintiff has invested significant time and money throughout the United States in promoting itself in order raise funds and develop goodwill towards the APBPA.

12. The APBPA trademarks are highly distinctive.

-3-

13. The APBPA trademarks and the goodwill associated with them have become valuable assets of Plaintiff.

14. In addition to trademark registrations, Plaintiff owns various domain names which include "Association of Professional Ball Players" (the '426 trademark) and the APBPA logo (the '795 trademark), such as (but not limited to) https://apbpa.org.

15. Upon information and belief, each Defendant has infringed upon and has used the '426 trademark and the '795 trademark without the express authorization from Plaintiff. Upon information and belief, as of the date of the filing of this complaint, each Defendant still infringes upon and uses the '426 trademark and the '795 trademark without express authorization.

16. Upon information and belief, each Defendant has used the '426 trademark and the '795 trademark in connection with products and services in a manner that creates a likelihood of confusion. Further, upon information and belief, each Defendant does business within states where Plaintiff also does business, including the State of Texas. Upon information and belief, there is a high likelihood that the continued use and promotion by each Defendant of the '426 trademark and the '795 trademark will cause additional confusion in the marketplace as to the source of the goods and services sold and provided by Plaintiff and each Defendant. The overlap in services and customers and the confusingly similar names and marks is likely to cause confusion.

## CLAIM ONE

INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARK

17. As described in this Complaint, each Defendant has infringed upon Plaintiff's registered trademarks in interstate commerce by various acts, including, without limitation, the adoption of the mark for their own personal benefit, including the use of the mark to solicit funds from individuals who are misled into believing that they are donating money to Plaintiff APBPA.

18. Defendants' adoption and use of the infringing marks is without permission or authority from Plaintiff APBPA and has caused and is likely to cause confusion, mistake and/or intended to deceive those in the relevant market.

19. Each Defendant has adopted and used the infringing marks in connection with their efforts to defame individuals associated with Plaintiff APBPA and to defraud the public, including residents of the State of Texas by misleading the public into believing they are providing monetary contributions to Plaintiff, though each Defendant has and was provided constructive notice of the Plaintiffs registration under 15 U.S.C. §1072 and that Defendants were and continue to infringe Plaintiff's trademarks.

20. By engaging in the complained-of conduct, each Defendant used in commerce, without the consent of Plaintiff, a reproduction, counterfeit, copy or colorable imitation of the registered trademarks and/or reproduced, counterfeited, copied or colorably imitated the registered trademarks or applied a reproduction, counterfeit, copy or colorable imitation of the registered trademarks to their social media pages, for instance, on Facebook (*See,* for example: https://www.facebook.com/search/top?q=apbpa, https://www.facebook.com/natemiller1986, and https://www.facebook.com/search/top?q=jennifer%20s%20madison; collectively, "Defendants' Websites") and on at least one fundraising site (See, for example: https://www.gofundme.com/f/help-the-apbpa) and other tangible items intended to be used in commerce or reach consumers in violation of 15 U.S.C. §1114.

21. Each Defendant's infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damages to Plaintiff APBPA, its business, its reputation and goodwill because Plaintiff APBPA has no adequate remedy at law.

## CLAIM TWO

### INFRINGEMENT OF COMMON LAW RIGHTS IN TRADEMARKS AND TRADE NAME

22.  As described in this Complaint, each Defendant has infringed upon Plaintiffs common law rights to its trademark and trade name. Plaintiff is the senior user of the mark Association of Professional Ball Players of America (the '426 trademark) and to the APBPA logo trademark (the '795 trademark). A likelihood of confusion exists between Plaintiffs trademarks and each Defendant's use of Plaintiff's trademarks.

23.  Each Defendant's infringement of Plaintiff's common law trademark and trade name has caused damages to Plaintiff entitling Plaintiff APBPA to an award of damages.

24.  Each Defendant's infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Plaintiff APBPA, its business, its reputation and goodwill because Plaintiff has no adequate remedy at law.

## CLAIM THREE

### VIOLATION OF THE TEXAS ANTI-DILUTION STATUTE

25.  Plaintiff APBPA incorporates by reference the allegations set forth in the preceding paragraphs.

26.  Plaintiff is the owner of the federal trademark registrations identified in this Complaint. The Association of Professional Ball Players trademark and the APBPA logo trademark are distinctive.

27.  Each Defendant's use of the Plaintiff's APBPA '795 trademark and '426 trademark will cause blurring or tarnishing of the APBPA's trademark.

28.  Each Defendant's infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damages to Plaintiff, its business, its reputation and goodwill because Plaintiff has no adequate remedy at law.

## CLAIM FOUR

### FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. §1125(a)

29. As described in this Complaint, each Defendant's adoption and use of the infringing trademarks constitute a false designation of origin and/or a false and misleading description of Defendants' services and is likely to cause confusion, cause mistake and/or to deceive as to the affiliation, connection or association of Plaintiff or as to the origin, sponsorship or approval of the services of Plaintiff in violation of 15 U.S.C. §1125(a).

30. Each Defendant's infringing activities have caused and, unless enjoined by this Court, will continue to cause irreparable injury and other damage to Plaintiff, its business, its reputation and goodwill because Plaintiff has no adequate remedy at law.

## CLAIM FIVE

### INJURY TO BUSINESS REPUTATION OR TRADEMARKS

31. As described in this Complaint, each Defendant has injured the business reputation of Plaintiff and diluted the distinctive quality of Plaintiffs common law trademarks.

32. The actions of each Defendant constitute an injury to the business reputation of Plaintiff and dilution of Plaintiffs proprietary trademarks in violation of Texas Business and Commerce Code Ann. §16.29.

## CLAIM SIX

### COMMON LAW UNFAIR COMPETITION

33. The above actions of each Defendant are a form of unfair competition that is prohibited under the common law of the State of Texas. Plaintiff has been damaged by this misconduct in an amount to be determined at trial.

## INJUNCTIVE RELIEF

34. Plaintiff seeks temporary and permanent injunctive relief pursuant to Texas common law, 15 U.S.C. §1116, and Texas Business & Commerce Code §16.29.

35. Plaintiff has no adequate remedy at law or otherwise for the harm or damage done by each Defendant because Plaintiff's business will be irreparably damaged, and such damage is difficult if not impossible to quantify. Plaintiff will suffer irreparable harm, damage, and injury unless the acts and conduct of each Defendant complained of above are enjoined because each Defendant's continued conduct is likely to cause confusion among customers and vendors that will result in a loss of customers, reputation, goodwill, revenue, and profits, diminished marketing and advertising, and trademark dilution.

## JURY DEMAND

36. Plaintiff requests a trial by jury.

PRAYER FOR RELIEF

Plaintiff prays that after due proceedings, the Court:

1. enter judgment against Defendants on all claims;

2. award damages against Defendants and in favor of Plaintiff;

3. enter a temporary and permanent injunction restraining each Defendant, and others acting in concert with them, from using the infringing trademarks in connection with their fraudulent activities; and,

4. grant Plaintiff such other relief as the Court deems just and proper.

    Respectfully submitted,

    /s/ Graigory B. Fancher
    GRAIGORY B. FANCHER
    State Bar No. 24052016
    gfancher@bwwlaw.com
    AUSTIN L. CALDERA
    State Bar No. 24105284
    acaldera@bwwlaw.com
    BOURLAND, WALL & WENZEL, P.C.
    301 Commerce Street, Suite 2500
    Fort Worth, Texas 76102-4125
    Telephone No.: 817-877-1088
    Facsimile No.: 817-877-1636

    ATTORNEYS FOR PLAINTIFF
    ASSOCIATION OF PROFESSIONAL
    BALL PLAYERS OF AMERICA

508820

# EXHIBIT A

# United States of America
## United States Patent and Trademark Office

# Association of Professional Ball Players of America

**Reg. No. 7,173,426**
**Registered Sep. 26, 2023**
**Int. Cl.: 35**
**Service Mark**
**Principal Register**

Association of Professional Ball Playersof America (ARIZONA CORPORATION), DBA APBPA
23623 N Scottsdale Road #290
Scottsdale, ARIZONA 85255

CLASS 35: Promoting the interests of active and retired professional baseball players by means of an association

FIRST USE 10-9-1924; IN COMMERCE 10-9-1924

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

No claim is made to the exclusive right to use the following apart from the mark as shown: "ASSOCIATION"

SEC.2(F)

SER. NO. 97-515,724, FILED 07-22-2022

*Katherine Kelly Vidal*

**Director of the United States Patent and Trademark Office**



> **REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**
>
> **WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

**Requirements in the First Ten Years***
**What and When to File:**

- *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. See 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. See 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. See 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE: A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at** http://www.uspto.gov.

# EXHIBIT B

# United States of America
## United States Patent and Trademark Office



**Reg. No. 7,150,795**

**Registered Aug. 29, 2023**

**Int. Cl.: 35**

**Service Mark**

**Principal Register**

Association of Professional Ball Players of America (ARIZONA CORPORATION), DBA APBPA
23623 N Scottsdale Road #290
Scottsdale, ARIZONA 85255

CLASS 35: Promoting the interests of active and retired professional baseball players by means of an association

FIRST USE 10-9-1924; IN COMMERCE 10-9-1924

The mark consists of a baseball containing the four stylized letters A P B and P symmetrically placed in clockwise fashion with P at the 12 o'clock position, B at the 3 o'clock position, P at the 6 o'clock position and A at the 9 o'clock position. The baseball is surrounded by a symmetrical olive branch laurel wreath that is open at the top. At the bottom of the wreath are two shaking hands.

SER. NO. 97-541,275, FILED 08-09-2022

*Katherine Kelly Vidal*

**Director of the United States Patent and Trademark Office**



> **REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**
>
> **WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

**Requirements in the First Ten Years***
**What and When to File:**

- *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. See 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. See 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. See 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE: A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at** http://www.uspto.gov.