# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| ASSOCIATION OF PROFESSIONAL BALL PLAYERS OF AMERICA<br>   *Plaintiff,*<br><br>v.<br><br>JENNIFER S. MADISON AND NATE MILLER AND DOES 1 – 25<br>   *Defendants.* | § § § § § § § § § § § <br><br>CIVIL ACTION NO. 4:23-cv-1037 |

## TEMPORARY RESTRAINING ORDER

Plaintiff, the Association of Professional Ball Players of America (the "Association"), filed its *Application for Temporary Restraining Order and Preliminary and Permanent Injunction* (the "Application") against Defendants Jennifer S. Madison and Nate Miller (together the "Enjoined Defendants").

The Court, having examined and considered the Application, finds that the Association is entitled to a temporary restraining order and that, unless the Enjoined Defendants are immediately restrained from the commission of the acts prohibited below, the Association will suffer immediate and irreparable injury, loss, and damage before notice of the hearing on temporary injunction can be served and a hearing had. The Enjoined Defendants constitute the two individuals primarily responsible for disseminating false information on social media and elsewhere on the Internet that they are authorized executives of the Association and are lawfully carrying out fundraising activities in its name. The Association has alleged that the Enjoined Defendants' actions constitute infringement of its federally registered trademarks under federal and Texas state law, and it has submitted evidence that actual confusion has already occurred among the Texas public. The Court is of the opinion that it appears from the facts verified in the Application that there is a substantial

likelihood that the Enjoined Defendants will continue to take unauthorized action under the guise of the Association for their own enrichment unless they are immediately enjoined from doing so.

It appears from the Application that if the Enjoined Defendants' unlawful actions are not immediately restrained, the Association will suffer immediate and irreparable damage at the hands of the Enjoined Defendants, as the Enjoined Defendants' social media posts and misappropriation of funds under the guise of the Association will lead to further confusion, disillusionment, and resent for the Association among the public.

**IT IS THEREFORE, ORDERED** that the Clerk of this Court issue a Temporary Restraining Order restraining the Enjoined Defendants, their agents, employees, and attorneys, together with all persons and entities in active concert or participation with them, from taking the following actions, either directly or indirectly:

   a. Representing in any manner and at any place, including on social media websites such as but not limited to Facebook, that they are authorized representatives of the Association;

   b. Representing in any manner and at any place, including on social media websites such as but not limited to Facebook, that they are authorized to conduct fundraising activities on behalf of the Association;

   c. Soliciting funds, support, or other goods or services in any manner and at any place, including on social media and Internet websites such as Facebook and GoFundMe, on the alleged basis that the goods or services will be used by or for the benefit of the Association;

   d. Commencing or participating in fundraising activities, including on social media websites such as but not limited to Facebook and other Internet forums

       such as GoFundMe, that are held out in any way to be connected with or for the benefit of the Association or its constituents; and

   e.  Utilizing in any manner and at any place, including on social media websites such as but not limited to Facebook, the logos, trademarks, and other intellectual property of the Association.

**IT IS FURTHER ORDERED** that this Order shall remain in force and effect from the date of its entry though the fourteenth date after entry, or until the further order of this Court.

**IT IS FURTHER ORDERED** that this Order shall not be effective unless and until Plaintiff executes and files with the Clerk a bond in conformity with the law, in the amount of _____. A law firm check may be used to satisfy such bond.

**IT IS FURTHER ORDERED** that the Clerk shall issue notice to the Enjoined Defendants, who are directed to appear before this Court on the _____ day of _____, 2023, at \_\_\_\_ o'clock \_\_.m. to show cause, if any they have, why the Temporary Restraining Order should not be made into a preliminary injunction with like restraint.

SIGNED this _____ day of _____, 2023, at \_\_\_\_ o'clock \_\_.m.

                                            _____
                                            The Honorable Reed O'Connor
                                            United States District Judge