UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ASSOCIATION OF PROFESSIONAL BALL PLAYERS OF AMERICA, § § § | |
| Plaintiff, § § | Civil Action No. 4:23-cv-01037-O |
| v. § § | |
| JENNIFER S. MADISON, NATE MILLER, and DOES 1-25, § § § | |
| Defendants. § § | |

### MEMORANDUM OPINION & ORDER

Before the Court is Plaintiff Association of Professional Ball Players of America's Motion to Dismiss Defendant Jennifer S. Madison's Counterclaims and Motion to Strike Defendant Jennifer S. Madison's Answer (ECF No. 11), filed December 8, 2023. For the reasons set forth herein, the Court **GRANTS** Plaintiff's Motions to Dismiss Defendant's Counterclaims and Strike Defendant's Answer.

## I. LEGAL STANDARDS

### A. Rule 12(b)(6) Motion to Dismiss

The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Rule 8(a) pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If a plaintiff fails to satisfy this standard on its claim, the defendant may file a motion to dismiss it under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).

1

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Unlike a "probability requirement," the plausibility standard instead demands "more than a sheer possibility that a defendant has acted unlawfully." *Id*. Where a complaint contains facts that are "merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). However, the court may not accept legal conclusions as true. *Iqbal*, 556 U.S. at 678–79. To avoid dismissal, pleadings must show specific, well-pleaded facts rather than conclusory allegations. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. A court ruling on a motion to dismiss "may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citations and internal quotation marks omitted).

### B. Rule 12(f) Motion to Strike

Federal Rule of Civil Procedure 12(f) provides that a court may strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R.

CIV. P. 12(f). Striking a pleading is generally disfavored. It is "a drastic remedy to be resorted to only when required for the purposes of justice [and] should be granted only when the pleading to be stricken has no possible relation to the controversy." *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962) (internal quotation marks and citation omitted); *see also United States v. Coney*, 689 F.3d 365, 379 (5th Cir. 2012). A court cannot decide a disputed issue of fact on a Rule 12(f) motion to strike. *Augustus*, 306 F.2d at 868. Moreover, courts should not determine disputed and substantial questions of law when there is no showing of prejudicial harm to the moving party. *Id.* "Under such circumstances, the court . . . should[ ] defer action on the motion and leave the sufficiency of the allegations for determination on the merits." *Id.* "Although motions to strike are disfavored and infrequently granted, striking certain allegations can be appropriate when they have no possible relation to the controversy and may cause prejudice to one of the parties." *American S. Ins. Co. v. Buckley*, 748 F. Supp. 2d 610, 626 (E.D. Tex. 2010) (citations omitted).

## II.   ANALYSIS

In the instant Motion, the Association of Professional Ball Players of America ("Plaintiff" or the "APBPA") requests that the Court: (A) dismiss all counterclaims brought against the APBPA in Jennifer S. Madison's ("Defendant" or "Madison") Answer to the Complaint for failure to state a claim upon which relief can be granted; and (B) strike Madison's Answer in its entirety for failure to comply with the Federal Rules of Civil Procedure governing responsive pleadings. *See* Pl.'s Mot. to Dismiss, ECF No. 11; Def.'s Answer, ECF No. 8.

Madison has not filed any response briefing in opposition to the instant Motion and the applicable deadline for doing so has since passed. *Compare* Pl.'s Mot. to Dismiss, ECF No. 11 (filed on December 8, 2023), *with* LR 7.1 (e) ("A response and brief to an opposed motion must

be filed within 21 days from the date the motion is filed."). Having thus reviewed the APBPA's briefing, permissible evidence, and applicable law, the Court is of the opinion that both prayers for relief set forth in the instant Motion should be **GRANTED**.

Madison has failed to plead "factual content that allows the court to draw the reasonable inference that the [APBPA] is liable for" fraud, obstruction of civil rights, assault, or defamation. *Iqbal*, 556 U.S. at 678; *see* Pl.'s Mot. to Dismiss 5-10, ECF No. 11. And under the Federal Rules of Civil Procedure, Madison's Answer to the APBPA's Complaint constitutes a wholly deficient response pleading for, *inter alia*, failing to properly address parties to the suit, failing to plead sufficient defenses and notify the APBPA of the bases of Madison's defenses, asserting claims against nonparties to this case, failing to respond in numbered, organized paragraphs limited to a single set of circumstances, and failing to respond to the Complaint with specific admissions or denials of all allegations. FED. R. CIV. P. 8(b), (d), 10(a), (b); *see* Pl.'s Mot. to Dismiss 11-15, ECF No. 11.

### III. CONCLUSION

Accordingly, it is **ORDERED** that the Motion to Dismiss Counterclaims and Motion to Strike Answer (ECF No. 11) are hereby **GRANTED**; that all claims asserted by Jennifer S. Madison against the Association of Professional Ball Players of America in the above-captioned case are hereby **DISMISSED with prejudice** to the refiling of the same; and that the Clerk of Court **STRIKE** Jennifer S. Madison's Answer to the Complaint (ECF No. 8) from the docket in the above-captioned case. Madison must file an answer complying with the Federal Rules of Civil Procedure.

**SO ORDERED** on this **19th day** of **January, 2024**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE