**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **ASSOCIATION OF PROFESSIONAL** | § | |
| **BALL PLAYERS OF AMERICA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:23-cv-01037-O** |
| | § | |
| **JENNIFER S. MADISON, _et al._,** | § | |
| | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Motion for Default Judgment Against Defendant Jennifer S. Madison, filed by Plaintiff Association of Professional Ball Players of America ("APBPA") on April 11, 2024. ECF No. 39.  By Order dated April 15, 2024, United States District Judge Reed O'Connor referred the Motion to the undersigned for hearing, if necessary, and final determination under 28 U.S.C. § 636(b). ECF No. 41. Having considered the Motion, briefing, appendices, and applicable legal authorities, the undersigned **RECOMMENDS** that Judge O'Connor construe ECF No. 43 as the requested Answer and **DENY** Plaintiff's Motion, as default judgment is not procedurally warranted.

**I.      BACKGROUND**

APBPA alleges that the defendants violated the Lanham Act and Texas state trademark laws by repeatedly using its trademarks on Facebook to pose as the APBPA and enrich themselves. ECF No. 1 at 3.

Defendant Jennifer Madison ("Madison") has participated many times in this case as a pro se party. She answered the APBPA's complaint on November 20, 2023 (ECF No. 8), although the

Court later struck her answer from the record. ECF No. 28. On December 15, 2023, she filed a motion for an extension of time due to illness. ECF No. 22. She sought another extension on December 19, 2023. ECF No. 24. On February 12, 2024, she filed a document urging the Court to continue the case, alleging that she was suffering from serious medical issues. ECF No. 33 at 1.

On March 13, 2024, Judge O'Connor ordered Madison to answer APBPA's complaint on or before March 27, 2024. ECF No. 36 at 1. He also ordered the APBPA to renew its entry of default against her if she did not answer the complaint before that deadline. *Id*. Additionally, he ordered the APBPA to file a motion for default judgment within fourteen days of entry of default. *Id*. Madison did not meet the deadline, APBPA requested that the clerk enter default against her, the clerk did so, and APBPA moved for default judgment. ECF Nos. 37-39.

But after APBPA filed its motion, Madison participated in the case again several times. On April 23, 2024, she filed a sealed motion. On May 22, 2024, she filed a document urging the court to halt the case and to deny the motion for default judgment. ECF No. 43. Accordingly, as explained below, default judgment is not appropriate.

## II.    LEGAL STANDARDS

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. There are three stages to entry of default judgment. First, a default occurs "when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules." *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996); *see also* Fed. R. Civ. P. 55(a) (noting default occurs where the defendant "has failed to plead or otherwise defend" against the complaint). Second, the Clerk may enter a defendant's default if it is "established by affidavit or otherwise." *Brown*, 84 F.3d at 141 (citing Fed. R. Civ. P. 55(a)). Third, if the Clerk enters default and the plaintiff's claim is not "for a sum certain or a sum that can be made certain by

computation," the plaintiff must apply for a default judgment from the Court. Fed. R. Civ. P. 55(b)
(1-2). However, the Court may not enter default judgment against an individual in military service
until an attorney is appointed to represent the defendant. 50 U.S.C. § 521.

"[A] party is not entitled to a default judgment as a matter of right, even where the
defendant is technically in default." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). Rather,
courts retain ultimate discretion to grant or deny default judgments. *Lindsey v. Prive Corp.*, 161
F.3d 886, 893 (5th Cir. 1998).

Courts use a three-pronged analysis to determine if default judgment is appropriate. *J & J
Sports Prods., Inc. v. Morelia Mex. Rest., Inc.*, 126 F. Supp. 3d 809, 813 (N.D. Tex. 2015). First,
courts ask if default judgment is procedurally warranted. *See Lindsey*, 161 F.3d at 893. Under
*Lindsey*, the Court may consider whether: (1) material issues of fact exist; (2) there has been
substantial prejudice; (3) the grounds for default are clearly established; (4) the default was caused
by a good faith mistake or excusable neglect; (5) default judgment would be too harsh; and (6) the
court would be obliged to set aside the default upon motion from the defendant. *Id.*

Second, if default is procedurally warranted under *Lindsey*, courts analyze the substantive
merits of the plaintiff's claims and ask if the pleadings establish a sufficient basis for default
judgment. *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). The
pleadings are sufficient if they satisfy Federal Rule of Civil Procedure 8. *Wooten v. McDonald
Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015); *see* Fed. R. Civ. P. 8(a)(2) (requiring "a
short and plain statement of the claim showing that the pleader is entitled to relief"). "The
defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on
those facts by the judgment, and is barred from contesting on appeal the facts thus established."

*Nishimatsu*, 515 F.2d at 1206. But the "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.*

Third, courts determine what form of relief, if any, the plaintiff should receive. *Morelia*, 126 F. Supp. 3d at 813. In making this determination, the Complaint's "well-pleaded factual allegations are taken as true, except regarding damages." *U.S. for Use of M-Co Constr.*, *Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987); *see generally Jackson v. FIE Corp.*, 302 F.3d 515, 525 & n.29 (5th Cir. 2002) ("If the court determines that defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.") (quoting 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY K. KANE, FEDERAL PRACTICE & PROCEDURE § 2688 at 58-59 & n.5 (3d ed. 1998)). At this juncture, courts often find it helpful to conduct a Rule 55(b)(2) hearing. *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979) ("The case law is clear that a judgment by default may not be entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation."); *see* Fed. R. Civ. P. 55(b)(2) (noting courts may conduct a hearing on motions for default judgment if needed to "(A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter").

While the Fifth Circuit has "adopted a policy in favor of resolving cases on their merits and against the use of default judgments," this policy is "counterbalanced by considerations of social goals, justice and expediency, a weighing process . . . largely within the domain of the trial judge's discretion." *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 742 F.3d 576, 594 (5th Cir. 2014) (quoting *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999)). But default judgment remains "a drastic remedy, not favored by the Federal Rules." *Sun*

*Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989); *see also Shipco*, 814 F.2d at 1014 (calling default judgments "draconian").

## III.   ANALYSIS

Under *Lindsey*, default judgment may be procedurally warranted based on six considerations. *See* 161 F.3d at 893. However, many of these considerations suggest that default judgment is not procedurally warranted in this case.

First, assuming there are no genuine disputes of material fact under the first *Lindsey* factor (161 F.3d at 893), the second factor, "substantial prejudice," disfavors default judgment. *See Lindsey*, 161 F.3d at 893. If Madison is accurately reporting that serious medical issues preclude her from being able to safely participate in the suit, she may face substantial prejudice by being subject to default judgment in the face of these issues. *See, e.g.*, ECF No. 24 at 2, ECF No. 43 at 3; *cf. United States v. Johnson*, 1:21-CV-00478-MJT, 2022 WL 17978909, at *2 (E.D. Tex. May 12, 2022) ("In establishing the defendant's default, the plaintiff must also show that the defendant is not . . . an incapacitated person . . . "). *But see Chase Home Finance, LLC v. Shakir*, No. 2:10CV161–M–A, 2011 WL 7110732, at *2 (N.D. Miss. Sept. 9, 2011) (entering default judgment because the defendant's "alleged unspecified illness appears to be yet another delay tactic."); *rec. adopted*, 2012 WL 259931 (N.D. Miss. Jan. 27, 2012). Even if Madison's illness claims are unfounded (as in *Chase Home Finance*), and even if Madison is not "incapacitated" in the legal term-of-art sense, the Court should still keep the text of Rule 55 in mind when analyzing the second factor. It would be substantially prejudicial and contrary to the purpose of default judgment to enter it against someone who, like Madison, continues to participate in and "otherwise defend" her case. Fed. R. Civ. P. 55(a). Therefore, this factor is not established.

Next, the third and fourth *Lindsey* factors also do not clearly support default judgment. As for the third factor, the grounds of Madison's somewhat default-like behavior are not clearly established, given that she alleges she has medical issues that interfere with her full participation in the case. *See, e.g.*, ECF No. 24 at 2, ECF No. 43 at 3.  Likewise, the fourth factor is not established, given that it is possible (although not certain) that she has medical conditions that render this behavior a matter of "excusable neglect." *See Lindsey*, 161 F.3d at 893.

Perhaps most importantly, the fifth factor is not established because default would be "too harsh" given that Madison is a *pro se* party who continues to participate in the suit. *Id*. The Court should be especially reluctant to grant default judgment against a *pro se* party that has filed something (ECF No. 43) that could be liberally construed as an answer. *Estelle v. Gamble*, 429 U.S. 97, 106, (1976) (the Court should "liberally construe" pro se filings); *Interscope Records v. Benavides*, 241 F.R.D. 458, 461 (W.D. Tex. 2006) ("When the defaulting party is a *pro se* defendant, the Court must be especially hesitant to enter a default judgment."); *In re Chinese Manufactured Drywall Prod. Liab. Litig.*, 742 F.3d at 594 (the Fifth Circuit has "adopted a policy in favor of resolving cases on their merits and against the use of default judgments.").

Finally, for the sixth factor, the Court could feel "obliged to set aside the default upon motion from [Madison]." *See id.*; *see also Moreno v. LG Elecs.*, 800 F.3d 692, 698 (5th Cir. 2015) (noting district courts are not obliged to set aside a default upon defendant's motion where "the default was willful, the plaintiff will be prejudiced, or the defendant has no meritorious defense"). Madison has already objected to the possibility of having default judgment entered against her on the basis that she is "incapacitated" and vulnerable (ECF No. 43 at 8), and she very well may renew this objection via a motion if the Court grants APBPA's motion.  Therefore, the sixth factor is not established, either.

Accordingly, since the *Lindsey* factors weigh in Madison's favor, APBPA's claims do not survive the step-one analysis. *See Morelia*, 126 F. Supp. 3d at 813-14. This renders a step two analysis of the merits of APBPA's claims unnecessary. *See id.; see also Nishimatsu*, 515 F.2d at 1206.

## IV.    CONCLUSION

Because default judgment is not procedurally warranted, the undersigned **RECOMMENDS** that Judge O'Connor construe ECF No. 43 as the requested Answer and **DENY** Plaintiff's Motion for Default Judgment Against Defendant Jennifer S. Madison. ECF No. 39.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**SIGNED** on July 10, 2024.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE